UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DELORES J. HARTMAN,**

   **Plaintiff,**

**v.**

**GREAT SENECA
FINANCIAL CORP.,** *et al.***,**

   **Defendants.**

Case No. 2:04-cv-00972
**JUDGE SMITH
Magistrate Judge King**

## OPINION AND ORDER

  Plaintiff Delores J. Hartman ("Plaintiff") has filed this lawsuit against Defendants Great Seneca Financial Corporation ("Great Seneca") and Javitch, Block & Rathbone, LLP ("JB&R"), (collectively "Defendants"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. § 1345.01 *et seq*.  This matter is before the Court pursuant to Defendant Great Seneca's Motion for Summary Judgment (Doc. 72).  Also before the Court is Defendant JB&R's Motion for Summary Judgment (Doc. 73) and Plaintiff's Motion for Partial Summary Judgment (Doc. 77).  Defendants have also filed a Notice of Claim of Unconstitutional Federal Statute (Doc. 52).  The United States of America, as intervenor, filed a response to the notice (Doc. 64) as well as a memorandum in opposition to Defendants' motions for summary judgment, limited to the unconstitutionality questions raised by Defendants (Doc. 85).  For the reasons that follow, the Court **GRANTS** Defendant Great Seneca's Motion for Summary Judgment (Doc. 72), **GRANTS**  Defendant JB&R's Motion for Summary Judgment (Doc. 73), and **DENIES** Plaintiff's Motion for Partial Summary Judgment (Doc. 77).

## I. FACTUAL BACKGROUND

Plaintiff Hartman is a consumer who opened a credit card account with Providian National Bank on or about May 10, 2000, account number xxxxxxxxxxxx6579. Plaintiff received the terms and conditions of the credit card, which permitted transfer or assignment of right to payment. Plaintiff used the account from May 17, 2000 through March 20, 2001, at which time the account had an outstanding balance of $2,089.33. The account records indicate that final payment before charge off was made on February 9, 2001. The last fees were posted to the account in September 2001, with final balance being $2,565.81. The final statement before Plaintiff's account was sold, dated July 29, 2002 showed an unpaid balance of $2,551.30, after the posting of a $14.51 credit for a class action settlement benefit to her account.

In February 2003, Providian National Bank sold Plaintiff's account to Unifund CCR Partners. Later that same month, Unifund sold the account to Defendant Great Seneca. With each sale, certain electronic information was transmitted, including the account number, name of the debtor, address, city, state, zip, phone, current balance, charge off date, charge off amount, last payment amount, last payment date, social security number, APR, account opening date, and an issuer flag for each account. Throughout this time, Plaintiff's account did not accrue additional fees and had an interest rate of 0%. In August 2003, Defendant JB&R, on behalf of Defendant Great Seneca, sent a validation notice to Plaintiff. Plaintiff did not timely respond to the validation notice.

In October 2003, Defendant JB&R, on behalf of Defendant Great Seneca, filed a civil complaint against Plaintiff in the County Court for Harrison County, Ohio, which sought to recover the outstanding 2,551.30. The state court complaint stated:

> 1. There is due the Plaintiff from the Defendant upon an account, the sum of $2,551.30.
>
> 2. A copy of the said Account is attached hereto and marked as "Exhibit A."
>
> 3. Although due demand has been made, Defendant has failed to liquidate the balance due and owing.
>
> WHEREFORE, the Plaintiff prays for a Judgment against the Defendant in the amount of $2,551.30 with interest at the rate of 10% per annum from date of judgment, and costs of the within action.

(Am. Compl., Ex. A).  Attached as Exhibit A to the state court complaint was an account statement from Great Seneca, which included the account number (xxxxxxxxxxxx6579), a closing date of August 18, 2003, a past due amount of $2,551.30, and a balance due on the account of $2,551.30  The account statement resembled an account statement a credit card company might send to a consumer in that it had boxes for "credit limit," "credit available," "previous balance," and "payments and credits." Each of those boxes remained empty or had a "0" in them.  In addition, the statement disclosed both the original creditor and the prior owners of the account, Providian and Unifund.  Ultimately, Defendants dismissed the state court action without prejudice.

On October 7, 2004, Plaintiff Hartman filed her original Complaint (Doc. 1).  The Amended Complaint was filed on March 29, 2007 (Doc. 49).  Plaintiff alleges that paragraph two of the state court complaint and the Exhibit A account statement violate the FDCPA and OCSPA. (*See* generally Amended Complaint).  Plaintiff has filed a Motion for Partial Summary Judgment, arguing that Defendants are liable for violations of the FDCPA and OCSPA (Doc. 68).  Defendants have filed a Notice of Claim of Unconstitutional Federal Statute (Doc. 52), arguing that: (1) the First Amendment precludes the imposition of strict liability under the

FDCPA for content of a civil suit; and (2) applying FDCPA to certain pleadings and affidavits filed in state court renders the FDCPA unconstitutionally vague and overbroad, violates substantive due process, and exceeds Congress' authority under the Commerce Clause of Article I of the United States Constitution. (*See* generally, Defendants' Notice of Claim of Unconstitutional Federal Statute).  The United States of America, as intervenor, filed a response to the Notice (Doc. 64), as well as a memorandum in opposition to Defendants' motions for summary judgment, limited to the unconstitutionality questions raised by Defendants (Doc. 85).  Defendants JB&R and Great Seneca have also filed motions for summary judgment, arguing that they are entitled to summary judgment with respect to each of Plaintiff's claims (Docs. 73 and 72).  These motions have been fully briefed and are now ripe for review.

## II.   RULE 56 STANDARD

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will not be granted if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). The Court disregards all evidence favorable to the moving party that the jury would not be required to believe. *Id.* Stated otherwise, the Court must credit evidence favoring the nonmoving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. *Id.*

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby*, *Celotex*, and *Matsushita* effected "a decided change in summary judgment practice," and ushered in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). The Court in *Street* identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily appropriate for summary judgment. *Id.* at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (*quoting Liberty Lobby*, 477 U.S. at 257). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party merely to "'show that there is some metaphysical doubt as to the material facts.'" *Id.* (*quoting Matsushita*, 475 U.S. at 586).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* at 1479-80. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record

upon which it seeks to rely to create a genuine issue of material fact. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

### III. DISCUSSION

The facts of this case are substantively identical to those in *Rice v. Great Seneca Financial Corp.*, Case No. 2:04-cv-00951, a case concurrently decided by this Court. Plaintiff Hartman, who is represented by the same counsel that represented the *Rice* plaintiff, has asserted the same claims against the same two defendants named in the *Rice* case, Defendants JB&R and Great Seneca. The arguments advanced by Plaintiff Hartman in favor of summary judgment, and in opposition to Defendants' motions for summary judgment, are indistinguishable from those raised by the *Rice* Plaintiff. Likewise, Defendants have advanced the same arguments in both cases. Because the issues raised in the instant case are identical to those raised in the *Rice* case, the Court adopts the holdings and analysis set forth in *Rice, supra*.

### IV. DISPOSITION

For all of the reasons articulated in *Rice, supra*, the Court **GRANTS** Defendant Great Seneca's Motion for Summary Judgment (Doc. 72), **GRANTS** Defendant JB&R's Motion for Summary Judgment (Doc. 73), and **DENIES** Plaintiff's Motion for Partial Summary Judgment (Doc. 77).

The Clerk shall remove Documents 72, 73 and 77 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

    **IT IS SO ORDERED.**

                                                    */s/ George C. Smith*
                                                    **GEORGE C. SMITH, JUDGE**
                                                    **UNITED STATES DISTRICT COURT**